IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MELAMED, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) Case No.: | FILED: MARCH 26, 2008 |
| JOHN T. GIRARDI, M.D. and MEDICAL | ) | 08CV1745      PH |
| SPECIALISTS, LTD., an Illinois | ) | JUDGE HIBBLER |
| Corporation, | ) | MAGISTRATE JUDGE KEYS |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, DAVID MELAMED, M.D. through his attorneys, Asher, Gittler, Greenfield & D'Alba, complains against Defendant, JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD., as follows:

### JURISDICTION AND VENUE

1. This court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

2. This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. This is a civil action between citizens of different states.

4. Plaintiff DAVID MELAMED, M.D. (hereinafter "Dr. Melamed") is a current resident of Carlsbad, New Mexico. At all times relevant, Dr. Melamed has been licenced to practice medicine in the States of Illinois, Rhode Island, Washington, California and New Mexico.

5. At all relevant times, Defendant Medical Specialists, LTD. (hereinafter "Medical Specialists") has been an Illinois corporation and maintains its principal place of business at 1260

W. Higgins Road, Hoffman Estates, Kane County, Illinois, 60195, located within the Northern District of Illinois.

6. At all relevant times, Defendant JOHN T. GIRARDI, M.D. (hereinafter "Dr. Girardi") has been a resident of Hoffman Estates, Kane County, Illinois, located within the Northern District of Illinois, and is the President of Defendant Medical Specialists, Ltd. At all times relevant, Dr. Girardi has been licenced to practice medicine in the State of Illinois.

7. The acts and transactions giving rise to this action occurred in Kane County, Illinois, located within the Northern District of Illinois.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### FACTS

9. In or about March 2006, Dr. Melamed received a telephone call from Stacy Mellom, Dr. Girardi's administrative assistant at Medical Specialists, arranging for an employment interview between Dr. Melamed and Dr. Girardi,

10. In or about March 2006, the interview took place at the Hoffman Estates, Illinois, Office of Medical Specialists.

11. On or about September 22, 2006, Dr. Melamed affirmed his desire to accept the open position of employment with Dr. Girardi at Medical Specialists in an e-mail communication to Dr. Girardi.

12. On or about September 29, 2006, Dr. Girardi formally offered employment to Dr. Melamed by sending an e-mail and attached employment agreement (hereinafter "Agreement") to Dr. Melamed for signature and approval of Dr. Melamed. (See Agreement, attached hereto as "Exhibit A").

13. Article 4, Section 4.1 of the Agreement entitled "Term" states as follows:

> This Agreement shall commence on November 1, 2006 and shall continue until November 1, 2007 ("the Term"). Thereafter, this Agreement shall automatically renew for successive one (1) year terms (each a "Renewal Term") unless either party gives written notice to the other of its intention not to renew at least ninety (90) days prior to the expiration of the Term of any Renewal Term.

(Ex. A at p. 3).

14. Article 4, Section 4.2 of the Agreement entitled "Termination" states as follows:

> Corporation and Physician shall each have the right to terminate this Agreement upon ninety (90) days written notice to the other.

(Ex. A at p. 3).

15. Article 5, Section 5.1 of the Agreement entitled "Physician Salary" provides the following compensation in consideration of Dr. Melamed's employment and medical services at Medical Specialists:

> During the Term, Corporation shall pay Physician a monthly salary ("Salary") of Twenty Thousand Eight Hundred Thirty Three Dollars ($20,833) per month, less all withholdings required by law. At the conclusion of the Term, Corporation shall compute the collections received by it for services rendered by Physician during the term (the "Physician Receipts") and subtract from the Physician Receipts the cost of Physician's professional liability insurance, the Salary and the cost of injectables used by Physician during the Term. If the Physician Receipts are less than Eight Hundred Thousand Dollars ($800,000), the Physician Receipts shall be multiplied by .4 (the resulting sum being the "Physician Compensable Receipts"). If the Physician Receipts are or Eight Hundred Thousand Dollars ($800,000) or more but less than One Million Tow Hundred Thousand Dollars ($1,200,000), the Physician Compensable Receipts shall be calculated by multiplying the Physician Receipts by .45, and if the Physician Receipts are $1,200,000 or greater, by multiplying the Physician Receipts by .5. If the Physician Compensable Receipts are greater than the Salary, then the Physician shall be paid the amount by which the Physician Compensable Receipts exceed the Salary within forth five (45) days of the end of the Term.
>
> During each Renewal Term, Corporation shall make the same calculation set forth above except that for the initial Renewal Term, the Salary shall increase to Twenty

3

> Nine Thousand One Hundred Sixty Dollars ($29,166) per month, and during the second Renewal Term and thereafter, the Salary shall increase to Thirty Seven Thousand Five Hundred Dollars ($37,500) per month.
>
> In the event that this Agreement is terminated for any reason by either party prior to the expiration of the Term or any Renewal Term, Physician shall be entitled to receive only the applicable Salary to the date of termination for the Term or the Renewal Term in which the termination occurs.

(Ex. A at p. 4).

16. Article 6, Section 6.1 of the Agreement entitled Termination Payments provides the following termination payments in consideration of Dr. Melamed's employment and medical services at Medical Specialists:

> In the event that Physician's employment is terminated in accordance with Article 4, Physician shall be paid the sum of the following:
>
> (a) The Salary or Physician Compensable Receipts (whichever is applicable) which may be due him to the date of such termination;
>
> (b) Reimbursement for expenses, which the Corporation is obligated to pay him pursuant to Article 8.1 of this Agreement.

(Ex. A at p. 5).

17. Article 14, Section 14.6 of the Agreement entitled "Amendment" states as follows:

> This Agreement supersedes any and all other agreements either oral or written between the parties hereto with respect to the subject matter hereof. Unless amended as provided for herein, no change, modification or waiver of any provision of this Agreement shall be valid unless the same is in writing and signed by Physician and Corporation.

(Ex. A at p. 10).

18. On or about October 5, 2006, Dr. Melamed sent e-mail correspondence to Dr. Girardi accepting the offer of employment and advising Dr. Girardi that he signed the Agreement without

any changes or alterations and would mail it to Dr. Girardi that same day. Dr. Melamed mailed the signed Agreement on that same day.

19. On or about October 5, 2006, Dr. Girardi acknowledged Dr. Melamed's acceptance of his offer in e-mail correspondence to Dr. Melamed and confirmed the agreement had been reached.

20. On or about October 16, 2006, Stacy Mellom, Dr. Girardi's assistant at Medical Specialists, sent an e-mail to Dr. Melamed again confirming the agreement had been reached.

21. On or about October 31, 2006, Dr. Girardi stated in a phone conversation with Dr. Melamed that he was delighted Dr. Melamed would be working at Medical Specialists.

22. To date, Defendants have failed and refused to pay Dr. Melamed his salary pursuant to Article 5, Section 5.1 of the Agreement.

23. To date, Defendants have failed to satisfy the termination requirements pursuant to Article 4, Section 4.2 of the Agreement.

24. To date, Defendants have refused to allow Dr. Melamed to fulfill his medical and professional responsibilities and business opportunities at Medical Specialists pursuant to the terms of the Agreement including, but not limited to, additional compensation from gross volume of business secured for Medical Specialists by Dr. Melamed, Physician Receipts, and auxiliary service incentives pursuant to Article 5, Section 5.1 of the Agreement.

25. Plaintiff has incurred significant monetary damages from the actions of Defendants.

## COUNT I

**BREACH OF CONTRACT BY DEFENDANT MEDICAL SPECIALISTS**

26. The Agreement constitutes an enforceable contract between Plaintiff and Defendants.

27. By the actions set forth above in paragraphs 1 through 25, Defendant has breached the terms and conditions of the Salary provisions contained in Article 5, Section 5.1 of the Agreement.

28. By the actions set forth above in paragraphs 1 through 25, Defendant has breached the terms and conditions of the Termination provisions contained in Article 4, Section 4.2 of the Agreement.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Order Defendant to pay Plaintiff the Term Salary of $20,833 per month for the twelve month period between November 1, 2006 through November 1, 2007;

B. Order Defendant to pay Plaintiff the Renewal Term Salary of $29,166 per month for each month between the dates of November 1, 2007 through November 1, 2008, unless and until the Agreement is properly terminated pursuant to Section 4.2 of the Agreement during this time period;

C. Order Defendant to pay Plaintiff the Renewal Term Salary of $37,500 per month for each month between the dates of November 1, 2008 through November 1, 2009, unless and until the Agreement is properly terminated pursuant to Section 4.2 of the Agreement during this time period;

D. Order Defendant to pay Plaintiff additional compensation due pursuant to Section 5.1 of the Agreement, including but not limited to, compensation from potential business opportunities of gross volume of business secured for Medical Specialists by Dr. Melamed, Physician Receipts, and auxiliary service incentives pursuant to Article 5, Section 5.1 of the Agreement;

E. Order Defendant to employ Plaintiff as provided under the Agreement;

F. Order Defendant to comply with the terms of the Agreement;

G. Award Plaintiff reasonable costs and attorneys fees incurred in this matter; and

H. Grant such further relief as this Court deems just and proper.

## COUNT II

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 28 of Count I.

29. The Agreement constitutes an enforceable employment contract between Plaintiff and Defendants.

30. At all times relevant, Plaintiff was an employee of Defendants under the Agreement as defined by the Illinois Wage Payment and Collection Act. 820 ILCS § 115/2.

31. At all times relevant, both Defendant Dr. Girardi and Defendant Medical Specialists were the employers of Plaintiff as defined by the Illinois Wage Payment and Collection Act. 820 ILCS § 115/2.

32. By the actions set forth above in paragraphs 1 through 25, final compensation of wages were justly due and owing by Defendants to Plaintiff according to the terms of the Agreement.

33. By the actions set forth above in paragraphs 1 through 25, the Defendants have violated the Illinois Wage Payment and Collection Act. 820 ILCS § 115/5.

34. By the actions set forth above in paragraphs 1 through 25, Defendant Dr. Girardi is personally liable for Plaintiff's damages because he knowingly permitted Defendant Medical Specialists to deny wages due and owing to Dr. Melamed under the Agreement in violation of the Illinois Wage Payment and Collection Act. 820 ILCS § 115/13.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Order Defendants to pay Plaintiff the Term Salary of $20,833 per month for the twelve month period between November 1, 2006 through November 1, 2007;

B. Order Defendants to pay Plaintiff the Renewal Term Salary of $29,166 per month for each month between the dates of November 1, 2007 through November

      1, 2008, unless and until the Agreement is properly terminated pursuant to Section 4.2 of the Agreement during this time period;

C.     Order Defendants to pay Plaintiff the Renewal Term Salary of $37,500 per month for each month between the dates of November 1, 2008 through November 1, 2009, unless and until the Agreement is properly terminated pursuant to Section 4.2 of the Agreement during this time period;

D.     Order Defendants to pay Plaintiff additional compensation due pursuant to Section 5.1 of the Agreement, including but not limited to, compensation from potential business opportunities of gross volume of business secured for Medical Specialists by Dr. Melamed, Physician Receipts, and auxiliary service incentives pursuant to Article 5, Section 5.1 of the Agreement;

E.     Order Defendants to employ Plaintiff as provided under the Agreement;

F.     Order Defendants to comply with the terms of the Agreement;

G.     Award Plaintiff reasonable costs and attorneys fees incurred in this matter; and

H.     Grant such further relief as this Court deems just and proper.

## COUNT III

## ATTORNEYS FEES PURSUANT TO THE ATTORNEYS FEES IN WAGE ACTIONS ACT

Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 28 of Count I and Paragraphs 29 through 34 of Count II.

35.     The Agreement constitutes an enforceable employment contract between Plaintiff and Defendants.

36.     Plaintiff was an employee of Defendants under the Agreement as defined by the Attorneys Fees in Wage Actions Act, 705 ILCS § 225/1.

37. By the actions set forth above in paragraphs 1 through 25 of Count I, wages were justly due and owing by Defendants to Plaintiff according to the terms of the Agreement.

38. On or about January 15, 2008, Plaintiff mailed a written demand of $116,746 to Defendants.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That Plaintiff be awarded reasonable costs and attorneys fees incurred in this matter pursuant to 705 ILCS § 225/1; and

B. That the Court grant such further relief as this Court deems just and proper.

Respectfully submitted,

S/Joel A. D'Alba
Attorney Bar No.: 00571121
Email: JAD@ULAW.COM
S/Stephanie K. Brinson
Attorney Bar No: 06285813
Email: SKB@ULAW.COM
Counsel for Plaintiff
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
Ph. (312)263-1500
Fax (312) 263-1520