IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MELAMED, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 08 CV 1745 |
| JOHN T. GIRARDI, M.D. and MEDICAL | ) | |
| SPECIALISTS, LTD., an Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on April 25, 2008, Plaintiff filed with the Clerk of the

United States District Court for the Northern District of Illinois the employment agreement

alleged to be at issue in this case and identified in the Complaint in paragraph 12 as Exhibit A.

Exhibit A was inadvertently not attached to the Complaint when it was filed on March 26, 2008.

This filing of the Complaint corrects that error.  A copy of Exhibit A is attached.

Respectfully submitted,

S/Joel A. D'Alba
Counsel for Plaintiff
Attorney Bar No.: 00571121
Email: JAD@ULAW.COM
S/Stephanie K. Brinson
Attorney Bar No: 06285813
Email: SKB@ULAW.COM
Counsel for Plaintiff
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
Ph. (312)263-1500
Fax (312) 263-1520

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorneys, Joel A. D'Alba and Stephanie K. Brinson, hereby certify that

they caused a copy of the foregoing ***Plaintiff's Employment Agreement*** to be served on the

following person:


To:          James A. Christman
             Wildman Harrold Allen & Dixon LLP
             225 W. Wacker Drive
             Suite 3000
             Chicago, IL 60606

via the court's CM/EFC electronic filing system and caused a copy to be served:

To:          Stacey L. Smiricky
             Wildman, Harrold, Allen & Dixon LLP
             225 West Wacker Drive
             Chicago, IL 60606-1229
             smiricky@wildman.com

by via e-mail on this 25th day of April 2008, before the hour of 5:00 p.m.

                              Respectfully submitted,



                              S/Joel A. D'Alba
                              Counsel for Plaintiff
                              Attorney Bar No.: 00571121
                              Email: JAD@ULAW.COM
                              S/Stephanie K. Brinson
                              Attorney Bar No: 06285813
                              Email: SKB@ULAW.COM
                              Counsel for Plaintiff
                              Asher, Gittler, Greenfield & D'Alba, Ltd.
                              200 West Jackson Boulevard
                              Suite 1900
                              Chicago, Illinois 60606
                              Ph. (312)263-1500
                              Fax (312) 263-1520

## PHYSICIAN EMPLOYMENT AGREEMENT

THIS AGREEMENT ("Agreement") is made and entered into as of the 1st$^d$ day of November, 2006, by and between Medical Specialists Ltd. ("Corporation") and David Melamed, M.D. ("Physician").

## INTRODUCTION

WHEREAS, Corporation desires to employ Physician and Physician desires employment with Corporation, pursuant to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the terms and conditions set forth in this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

## RELATIONSHIP OF PARTIES AND LIMITATIONS

**1.1 In General and Duties.** Corporation hereby employs Physician to provide Dermatology and Mohs micrographic and excisional surgery and related pre and post surgical consultations and office visits pursuant to the terms and conditions of this Agreement.

Physician shall devote his full-time exclusively to Corporation's medical practice and agrees not to associate with or accept employment from any other medical practice or engage in any other medical employment or business activity on a full-time or part-time basis without the express written consent of Corporation. Physician shall be available to serve Corporations' medical practice as dictated by the needs of its patients and good medical judgment during the term of this Agreement. Physician, as part of his employment duties, shall provide nightly and weekend call coverage to Corporation's patients as scheduled by Corporation. The expenditure of reasonable amounts of time for teaching, personal or outside business, charitable and professional activities shall not be deemed a breach of this Agreement, provided such activities do not interfere with the services required to be rendered to the Corporation

**1.2 Treatment of Patients.** Physician agrees to treat and diagnose patients in a manner which is within accepted standards of medical practice in the community and consistent with federal and state laws and any rules and regulations thereunder. Physician further agrees to abide by all applicable professional rules of ethics and the rules, regulations and by-laws of the Medical Staffs of those hospitals where Physician has staff privileges ("Hospitals").

**1.3 Notice of Proceeding.** Physician shall notify Corporation within three (3) days of any notice received from any hospital, professional society, payor, Medicare/Medicaid or professional liability carrier of any action or proceeding pertaining to Physician's treatment of patients, Physician's billing practices, inclusion in any managed care or other medical payment program, cancellation of Physician's professional liability coverage, restrictions, suspension or revocation of Physician's privileges at the Hospitals, or the filing of any professional negligence action against Physician.

Corporation _____
Physician _____

**1.4 Continuing Medical Education.** Physician shall comply with all requirements of any federal or state licensing authority, professional society or payor of medical services in maintaining his license as a physician or participating in any payment program for the provision of medical services, including Medicare/Medicaid.

**1.5 Advertising and Publicity.** Corporation may list the name, office address, office telephone numbers and factual biographical data of Physician in promotional materials and displays.

**1.6 Medical Records.** Physician shall maintain patient records, medical files, operating reports and other patient-related information in a manner consistent with sound medical practices and in accordance with all the rules and procedures adopted by the Hospitals or its Medical Staffs and all applicable federal and state laws and any regulations thereunder.

## ARTICLE 2

## THIRD-PARTY BILLING

**2.1    Billing Forms.** Physician shall execute all necessary billing forms in order to allow insurance and third party billing to be promptly submitted. If for any reason Physician is unavailable or Corporation deems it in its best interest, Physician hereby authorizes any officer of Corporation to sign such billing forms on behalf and to submit billing forms in accordance with Corporation's usual billing procedures.

**2.2    Physician Billing.** Physician shall not bill or otherwise require payment for services rendered by him either directly from patients or third-party payors. Physician acknowledges and agrees that all billings for his services rendered to Corporation shall be made directly by Corporation, and payment for such services shall be made solely to Corporation. Any payment received by Physician from patients or third-parties for services performed by Physician for Corporation is the property of Corporation and shall be promptly forwarded to Corporation. Physician acknowledges and agrees that all fees generated by Physician for services performed by Physician pursuant to this Agreement are the property of Corporation.

## ARTICLE 3

## MAIL

**3.1    Authority to Open Mail.** Physician authorizes Corporation or its billing agent to open Physician's mail which reasonably appears to be payment for professional services (including after termination of employment), but excluding mail which is clearly marked personal. Physician agrees that all checks and other payments which are received for professional services rendered during the Term or a Renewal Term and incident to his employment (whether or not such checks or payments are received after his termination of employment), are the property of Corporation and may be endorsed by any officer or authorized representative of the Corporation and deposited in Corporation's bank accounts.

- 2 -

Corporation _____
Physician _____

**3.2  Receipts.** If any payments for services rendered to Corporation during the Term or a Renewal Term are received by Physician (whether or not such payments are received after his termination of employment), Physician agrees to immediately deliver all such payments to the then current office of the Corporation, properly endorsed for deposit in Corporation's bank account

## ARTICLE 4

## TERM

**4.1 Term.** This Agreement shall commence on November 1, 2006 and shall continue until November 1, 2007 ("the Term"). Thereafter, this Agreement shall automatically renew for successive one (1) year terms (each a "Renewal Term") unless either party gives written notice to the other of its intention not to renew at least ninety (90) days prior to the expiration of the Term or any Renewal Term.

**4.2  Termination.** Corporation and Physician shall each have the right to terminate this Agreement upon ninety (90) days written notice to the other.

**4.3  Other Terminations.** In addition to termination by ninety (90) days prior written notice pursuant to Article 4.2, this Agreement shall terminate immediately as follows:

    **4.3.1**  On the date of Physician's death;

    **4.3.2**  If Physician's license to practice medicine or prescribe drugs in the State of Illinois is suspended or revoked and Physician has not had such license reinstated within fourteen (14) days;

    **4.3.3**  If Physician's malpractice insurance coverage or insurability is canceled (through no fault of Corporation) and Physician has not obtained malpractice insurance within thirty (30) days in the amount necessary to maintain staff privileges at the Hospitals;

    **4.3.4**  On the date Physician is convicted of a felony;

    **4.3.5**  On the date of discontinuance of business of the Corporation;

    **4.3.6** If Physician's staff privileges at any of the Hospitals are revoked, suspended, or in any way limited (except for Physician's failure to properly execute his hospital charts) and not reinstated within five (5) days; or

    **4.3.7** Upon Physician's inability with reasonable accommodation to perform the essential functions of his position with Corporation.

- 3 -

Corporation _____
Physician _____

Should any of the events set forth in Article 4.3.2, 4.3.3 or 4.3.6 occur and Physician is unable to perform his obligations as set forth in this Agreement, during the period Physician is unable to perform his duties Corporation shall not be required to pay Physician the compensation set forth in Article 5.

## ARTICLE 5

## COMPENSATION

**5.1　Physician Salary.** Corporation shall compensate Physician as follows:

During the Term, Corporation shall pay Physician a monthly salary ("Salary") of Twenty Thousand Eight Hundred Thirty Three Dollars ($20,833) per month, less all withholdings required by law. At the conclusion of the Term, Corporation shall compute the collections received by it for services rendered by Physician during the Term (the "Physician Receipts") and subtract from the Physician Receipts the cost of Physician's professional liability insurance, the Salary and the cost of injectables used by Physician during the Term. If the Physician Receipts are less than Eight Hundred Thousand Dollars ($800,000), the Physician Receipts shall be multiplied by .4 (the resulting sum being the "Physician Compensable Receipts"). If the Physician Receipts are Eight Hundred Thousand Dollars ($800,000) or more but less than One Million Two Hundred Thousand Dollars ($1,200,000), the Physician Compensable Receipts shall be calculated by multiplying the Physician Receipts by .45, and if the Physician Receipts are $1,200,000 or greater, by multiplying the Physician Receipts by .5. If the Physician Compensable Receipts are greater than the Salary, then Physician shall be paid the amount by which the Physician Compensable Receipts exceed the Salary within forty five (45) days of the end of the Term.

During each Renewal Term, Corporation shall make the same calculation set forth above except that for the initial Renewal Term, the Salary shall increase to Twenty Nine Thousand One Hundred Sixty Six Dollars ($29,166) per month, and during the second Renewal Term and thereafter, the Salary shall increase to Thirty Seven Thousand Five Hundred Dollars ($37,500) per month.

In the event this Agreement is terminated for any reason by either party prior to the expiration of the Term or any Renewal Term, Physician shall be entitled to receive only the applicable Salary to the date of termination for the Term or the Renewal Term in which the termination occurs.

**5.2　Incentive Compensation.** During the Term and each Renewal Term, the Corporation shall compute the collections received by it for medically necessary ancillary services ("Ancillary Services") ordered by Physician and provided by the Corporation. Ancillary Services shall include facility charges from any affiliated surgical facility of Corporation, laboratory charges, and x-ray charges.

Physician shall be paid ten percent (10%) of the collections for Ancillary Services within forty five days of the end of the Term or a Renewal Term. Should this Agreement terminate for

- 4 -

Corporation _____
Physician _____

any reason prior to the expiration of the Term or a Renewal Term, Physician shall be paid any amounts earned by him under this Section 5.2 up to the date of termination.

## ARTICLE 6

## PAYMENTS ON TERMINATION OF EMPLOYMENT

**6.1    Termination Payments.** In the event that Physician's employment is terminated in accordance with Article 4, Physician shall be paid the sum of the following:

(a)    The Salary or Physician Compensable Receipts (whichever is applicable) which may be due him to the date of such termination;

(b)    Reimbursement for expenses, which the Corporation is obligated to pay him pursuant to Article 8.1. of this Agreement.

**6.2    Physician Payment.** Upon termination of Physician's employment, Physician agrees to pay Corporation the amount of any refund due Physician if his malpractice insurance policy were canceled on the date of his termination.

## ARTICLE 7

## MALPRACTICE INSURANCE

**7.1    Malpractice Insurance.** Corporation shall pay during the Term or any Renewal Term, the premiums for Physician's professional liability (malpractice) insurance in the minimum amount necessary to maintain medical staff privileges at the Hospitals. The Board of Directors of Corporation shall have the right, in its sole discretion, to increase or decrease the limits of the Physician's professional liability insurance during the Term or any Renewal Term. Physician is responsible for completing and executing all insurance documents requested by Corporation or its insurance carrier.

**7.2    Continuing Coverage.** Physician agrees that upon termination of this Agreement and upon direction of Corporation, he will purchase at his expense a reporting endorsement ("tail insurance") or purchase a professional liability policy which provides coverage for any acts or omissions of Physician in providing anesthesia services during the term of this Agreement ("prior acts coverage"). Physician, upon request of Corporation, shall provide a certificate evidencing such continuing coverage.

Should Physician fail to purchase tail insurance or a policy with prior acts coverage, Corporation shall have the right to purchase such insurance on behalf of Physician and charge the cost of such insurance to Physician and deduct the amount of the premium payment from Physician's termination compensation provided in section 5.3. In the event the cost of obtaining such insurance is greater than the amount of Physician's termination compensation, Physician shall remit the balance of the premium paid by Corporation for such insurance within fifteen (15) days of demand for payment by Corporation.

- 5 -

Corporation _____
Physician _____

Physician's obligations under this section 7.2 shall survive termination of this Agreement.

## ARTICLE 8
## PHYSICIAN BENEFITS

**8.1 Physician Expenses.** Corporation shall reimburse Physician during the Term or any Renewal Term for all reasonable, ordinary and necessary expenses incurred and paid by Physician in pursuit of the Corporation's business and approved by Corporation. Corporation shall pay for or reimburse Physician for all medical license fees, hospital medical staff fees and dues to professional societies. All such fees and costs shall be approved in writing by Corporation. Reimbursement shall be made upon presentation by Physician to Corporation of itemized accounts or receipts satisfactory to Corporation.

Physician agrees to indemnify Corporation for any expense reimbursement received by him which has been deducted on Corporation's tax returns and is later disallowed by the Internal Revenue Service or the Illinois Department of Revenue. In the event Physician has not indemnified Corporation by the date of his next compensation payment as set forth in Article 5, Corporation shall be allowed to deduct the amounts due and owing by Physician from Physician's compensation.

**8.2    Vacation.** Physician shall be entitled to fifteen (15) days of paid time off during the Term and each Renewal Term at times mutually agreed by Physician and Corporation. Unused paid time off may not be carried over to subsequent Renewal Terms.

**8.3    Continuing Medical Education.** Physician shall be entitled to one (1) week of time off during each year of the Term or a Renewal Term for continuing medical education.

**8.4    Pension and Profit Sharing Plan.** Physician shall be eligible to participate in any pension and profit sharing plan of Corporation ("the Plan"). Physician's participation in the Plan shall be subject to all of the terms and conditions of the Plan.

## ARTICLE 9
## COVENANTS  TO MAINTAIN CONFIDENTIAL INFORMATION

**9.1 Nondisclosure of Confidential Information.** Physician agrees, during the Term or any Renewal Term and after termination or expiration of the Term or any Renewal Term to keep confidential all information relating to the business of Corporation which he learns or develops or has access to during the Term, Renewal Term, or any prior period of employment with Corporation excepting only such information as is already known to the public or becomes known to the public through no fault of Physician, and not to use (except in the ordinary course of his employment with Corporation), release, or disclose the same except with the prior written permission of Corporation. As used in this Agreement, "confidential information" means any information or compilation of information relating to the business of Corporation and its patients which is not publicly known or readily ascertainable by proper means. The obligations of this Article 9.1 shall survive termination or expiration of this Agreement.

- 6 -

Corporation _____
Physician _____ 

**9.2    Property.**  Physician agrees that all Corporation property, including records, files, memoranda, reports, patient lists, fee schedules, documents, equipment and the like, relating to the business of Corporation, which Physician shall use or prepare or come into contact with, shall be the exclusive property of Corporation.  Physician further agrees that, upon request by Corporation, and in any event upon termination of his employment, Physician shall turn over to Corporation such property in his possession or under his control.

**ARTICLE 10**
**NON-SOLICITATION OF PATIENTS**

**10.1 Non-Solicitation of Patients.**  Physician agrees that during the Term, Renewal Term and for a period of twelve (12) calendar months following the month in which termination occurs for any reason whatsoever, Physician shall not, directly or indirectly, in any manner whatsoever, solicit, attempt to solicit or cause to be solicited or diverted from the Corporation any of Corporation's patients, or to, or on behalf of or in conjunction with another person, firm, corporation, partnership or business by which Physician is employed, or in which Physician has any interest, direct or indirect, or with which Physician may be associated in any capacity as a consultant, any of the patients or referral sources for patients of the Corporation, known to Physician, or of any of the prospective patients contained in the files or database of the Corporation, to which Physician had access or were known to Physician to be prospective patients, for the purposes of providing to or for such persons or entities the same, similar or competitive services as were provided by the Corporation during Physician's employment.  The obligations of this Article 10.1 shall survive termination or expiration of this Agreement.

**ARTICLE 11**
**NON-SOLICITATION OF EMPLOYEES**

**11.1 Non-Solicitation of Employees.**  During the Term, Renewal Term and for the immediately ensuing twelve (12) month period, Physician shall not solicit or cause to be solicited, directly or indirectly, for employment or retention, in any capacity whatsoever, any employee of the Corporation during the six (6) month period preceding the termination of Physician's employment with the Corporation for the purpose of inducing such person to terminate him or his employment or engagement with the Corporation.  The obligation of this Article 11.1 shall survive termination or expiration of this Agreement.

**ARTICLE 12**
**NON-COMPETITION**

**12.1    Covenant Not to Compete.**  In consideration of the training, experience, and employment with Corporation and such other consideration given in this Agreement, Physician agrees for a period of two (2) years after the date of termination of this Agreement for any reason, Physician shall not directly or indirectly, on behalf of or for the benefit of any person, partnership, corporation, business or entity now or hereafter existing, perform medical services in an area encompassed by an eight (8) mile radius around any of Corporation's offices in

- 7 -

Corporation _____
Physician _____

Hoffman Estates, Schaumburg, Barrington and Carpentersville, (the "Restricted Area") or at any of the Hospitals located in the Restricted Area.

**12.2 Reasonable Restrictions.** Physician and Corporation agree that the time span, scope and geographic area covered by this Agreement are reasonable to protect Corporation's legitimate and protectable business interests and that Corporation would suffer irreparable harm if this Agreement were violated. The parties acknowledge that:

    i)        Corporation incurred significant time and financial commitments to develop its reputation in the Community;

    ii)       Corporation has long-term near-permanent relationships with its patients; and

    iii)      Physician would not have contact with these patients but for the relationship established by this Agreement.

Physician further acknowledges that the enforcement of these restrictions will not in any manner preclude Physician from gainfully undertaking other positions, in such manner and to such extent as to provide a standard of living for Physician, the members of Physician's family and those dependent upon Physician of at least the sort and fashion to which Physician and they have become accustomed to and may expect. If, however, a court determines that any provision of this paragraph is unreasonably broad, such provision shall not be declared invalid but rather shall be modified by the court to the extent that it shall be deemed reasonable.

**12.3 Remedies.** Physician acknowledges and agrees that a breach or violation of the covenants contained in this Agreement will have irreparable, material and adverse effect upon Corporation and that damages arising from any such breach or violation may be difficult to ascertain. Without limiting any other remedy at law or equity available to Corporation, in the event of a breach of the covenants contained in this Agreement, Corporation shall have the right to an immediate injunction enjoining Physician's breach or violation of such covenant or covenants. Corporation shall have the right to receive from Physician attorneys' fees, costs and expenses in the event any litigation or judicial proceeding is necessary to enforce the provisions of this Agreement. Every right and remedy of Corporation shall be cumulative and Corporation, in its sole discretion, may exercise any and all rights or remedies stated in this Agreement or otherwise available at law or in equity.

## ARTICLE 13
## PHYSICIAN REPRESENTATIONS

**13.1 No Prohibitions.** Physician represents and warrants that at the time of the execution of this Agreement, he is not subject to any prohibitions, restrictions, restrictive covenants or any commitments whether oral or in writing pursuant to an employment agreement, contract or other

- 8 -

Corporation _____
Physician _____

document which would either directly or indirectly interfere with Physician's ability to enter into this Agreement.

**13.2 Medical Representations.** Physician further represents that he is Board Eligible, and will attempt to gain board certification, in dermatology and Moh's surgery and shall at all times during the term of this Agreement:

13.2.1  Maintain a valid Illinois license and be in good standing in accordance with the Medical Practice Act of 1987, 225 ILCS, Sections 60/1 *et seq.*, as amended;

13.2.2  Comply with the rules, regulations and requirements promulgated by the Illinois Department of Professional Regulation, if applicable to Physician; and

13.2.3  Comply with the rules, regulations and requirements promulgated by the governing boards of societies of Physician's specialty.

## ARTICLE 14
## MISCELLANEOUS

**14.1 Sale of Shares.**  At the conclusion of the Term, should Physician still be employed by Corporation, the President of Corporation shall discuss with Physician the sale of shares of Corporation to Physician and the terms and conditions of such sale.  Corporation makes no representation that it will sell shares to Physician or that Physician will find the terms and conditions of such sale, should it occur, to be satisfactory.

**14.2 Governing Law.**  This Agreement shall be subject to and governed by the laws of the State of Illinois.

**14.3 Prohibition Against Assignment.**  Unless mutually agreed to by Corporation and Physician, this Agreement, and the rights, interests and benefits hereunder, shall not be assigned, transferred, pledged or hypothecated in any way by Corporation or Physician or any executor or persons claiming under Corporation or Physician by virtue of this Agreement and shall not be subject to execution, attachment or similar process.  Any attempt by Corporation or Physician to assign, transfer, pledge, hypothecate or otherwise dispose of this Agreement or of such rights, interests and benefits contrary to the foregoing provisions, or the levy of any attachment or similar process thereupon shall be null and void and without effect.  Corporation may assign this Agreement to any entity related to it by ownership or control.

**14.4 Notice.**  Any and all notices, designations, consents, or any other communications provided for herein shall be given in writing by registered or certified mail, return receipt

- 9 -

Corporation _____
Physician _____

requested, which shall be addressed, in the case of Corporation to:

Medical Specialists Ltd.
John T. Girardi M.D.
1260 W. Higgins Road
Hoffman Estates, IL 60195

and in the case of Physician, to his last known place of residence, as reflected in Corporation's records.

**14.5 Binding Effect.** This Agreement shall be binding upon and inure to the benefit of Corporation and Physician and their respective heirs, legal representatives, executors, administrators, successors and assigns.

**14.6 Amendment.** This Agreement supersedes any and all other agreements either oral or written, between the parties hereto with respect to the subject matter hereof. Unless amended as provided for herein, no change, modification or waiver of any provision of this Agreement shall be valid unless the same is in writing and signed by Physician and Corporation.

**14.7 Severability.** If any portion of this Agreement shall be, for any reason, invalid or unenforceable, the remaining portion or portions shall nevertheless be valid, enforceable and carried into effect.

**14.8 Headings.** The headings of this Agreement are inserted for convenience only and are not to be considered in construction of the provisions hereof.

- 10 -

Corporation _____
Physician _____

**IN WITNESS WHEREOF**, Corporation and Physician have executed this Agreement as of the date and year first written above.


**PHYSICIAN:**                                           **Medical Specialists LTD.**


_____                          By: _____
David Melamed, M.D.   10 – 05 – 06                              John T. Girardi, M.D.
                                                                Its President and CEO


- 11 -

Corporation _____
Physician _____