IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MELAMED, M.D., )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>JOHN T. GIRARDI, M.D. and MEDICAL )<br>SPECIALISTS, LTD., an Illinois )<br>Corporation, )<br>)<br>Defendants. ) | Case No:   08 CV 1745<br><br>Judge Hibbler<br><br>Magistrate Judge Keys |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

Defendants, John T. Girardi, M.D. ("Girardi") and Medical Specialists, Ltd. ("Medical Specialists") (collectively, Girardi and Medical Specialists are referred to as "Defendants"), through their counsel, submit this Memorandum of Law In Support of their Rule 12(b)(6) Motion to Dismiss. Plaintiff's allegations In Count II fail to state actionable claims as a matter of law and should be dismissed with prejudice.

### I. SUMMARY OF ARGUMENT

Plaintiff alleges that Defendants breached a contract for employment with him (Count I), and violated Illinois' Wage Payment and Collection Act, 815 ILL. COMP. STAT. § 115/1 et seq. ("IWPCA") (Count II).  The IWPCA requires an Illinois employee to <u>perform</u> <u>work</u> for an Illinois employer, entitling the employee to wages pursuant to an employment agreement or agreement between the parties.  Plaintiff admits in his Complaint that was never employed, or "permitted to work," by Defendants.  Thus, Plaintiff cannot state a claim for violation of the IWPCA.  Accordingly, Defendants' Rule 12(b)(6) motion to dismiss should be granted and Count II dismissed with prejudice.

## II. FACTS ALLEGED IN COMPLAINT

Plaintiff, *a resident of New Mexico*, applied for a position with Medical Specialists in March 2006. (Complaint ¶¶ 4, 9-10) Plaintiff and Defendants negotiated the terms of an employment agreement during the next few months.[1] However, Plaintiff never commenced employment with Medical Specialists. (Complaint ¶ 24)

## III.   PLAINTIFF'S IWPCA CLAIM FAILS AS A MATTER OF LAW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint rather than the merits of the case. *Zurich Capital Markets Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005). While a court is to accept all well-pleaded allegations of a complaint as true, "a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995). Dismissal is appropriate where, as here, the plaintiff not only fails to plead facts sufficient to suggest a right to relief, (*EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007), citing, *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007)), but he cannot prove any set of facts that would entitle him to relief. *Miller v. Ford Motor Co.*, 152 F. Supp. 2d 1046, 1048 (N.D. Ill. 2001).

### A.   PLAINTIFF NEVER WORKED FOR DEFENDANTS AND THUS, CANNOT MAINTAIN A CLAIM FOR A VIOLATION OF ILLINOIS' WAGE PAYMENT AND COLLECTION ACT.

Count II purports to state a claim for violation of the IWPCA. Under the IWPCA "the term 'employee' shall include any individual *permitted to work* by an employer in an occupation." 820 ILCS § 5/2 (2007) (emphasis added). "Employer" is defined as "any individual, partnership, association, corporation, limited liability company, business trust,

---

[1] By filing this Motion, Defendants do not waive their right to challenge whether Plaintiff has a valid contract with *(footnote continued)*

2

employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business <u>for work undertaken by employees</u>."  *Id.* (emphasis added).  The primary objective of the IWPCA is to ensure employees receive all <u>earned</u> benefits upon leaving their employer.  *Mueller Co. v. Department of Labor*, 187 Ill. App. 3d 519 (4th Dist. 1989) (emphasis added); *Conlon-Moore Corp. v. Cummins*, 28 Ill. App. 2d 368 (1st Dist. 1960), *aff'd*, 23 Ill. 2d 341 (1961) (this Act ensures the prompt and full payment of wages due workers at the time of separation from employment).  To allege such a cause of action, a plaintiff must actually earn the wages before he is entitled to seek redress under the IWPCA.  *See*, 820 ILCS § 5/2.

Plaintiff has not alleged he ever worked for Defendants or that Defendants "permitted" him to work.  To the contrary, Plaintiff admits he never worked for Defendants.  (Complaint ¶ 24)  The IWPCA applies only where an employee has done at least some work for an Illinois employer while physically present in the state of Illinois.  *Vendetti v. Compass Environmental, Inc.*, 2006 U.S. Dist. LEXIS 90404 (N.D. Ill. Dec. 14, 2006).  Because Plaintiff admits he never did <u>any</u> work for or on behalf of Defendants, his claim under the IWPCA must be dismissed with prejudice.

**B.  DEFENDANT MEDICAL SPECIALISTS RESPECTFULLY REQUESTS THAT THE TIME TO ANSWER THE REMAINING ALLEGATIONS IN PLAINTIFF'S COMPLAINT BE EXTENDED UNTIL TEN DAYS AFTER THE COURT RULES ON THIS MOTION TO DISMISS.**

Should this Court dismiss Plaintiff's IWPCA count, the remaining counts will be a breach of contract claim (Count I) and a request for attorneys' fees (Count III) against Defendant Medical Specialists. (Complaint ¶¶ 26-28, 35-38)

This Court, in considering whether a party is required to answer unchallenged counts

---

*(continuation of footnote)*
Medical Specialists.

after a Rule 12(b) motion has been filed as to fewer than all the counts, has concluded that a party does not need to file an answer while a partial motion to dismiss is pending. *See Oil Express National, Inc. v. Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. 1997) (citing *Brocksopp Engineering, Inc. v. Back-Simpson Ltd.*, 136 F.R.D. 485 (E.D. Wis. 1991)). In fact, one court has recognized that when a party has filed a partial motion to dismiss with regard to some claims, that party has ten (10) days after the Court has resolved the partial motion to dismiss to file a responsive pleading "by operation of law." *Shah v. KIK International, LLC*, 2007 WL 1876449, *1 (N.D. Ind. 2007) (emphasis added). The reason for this automatic extension is apparent as it is "inefficient since it would result in possibly duplicative sets of pleadings," "could cause confusion over the proper scope of discovery during the motion's pendency," and would result in unnecessary expenses and wasted time. *Oil Express*, 173 F.R.D. at 221; *Shah*, 2007 WL 1876449, at *1.

Based on the foregoing, Defendant Medical Specialists respectfully requests that it be given ten days after decision on the Motion to Dismiss to file its answer to Counts I and III of Plaintiff's Complaint.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court enter an order 1) dismissing Count II with prejudice and for final judgment in its favor and against Plaintiff on Count II, and 2) permitting Defendant Medical Specialists ten days from the date of the Court's decision on this Motion to file its answer to Counts I and III of Plaintiff's Complaint.

Dated: May 12, 2008                                    Respectfully submitted,


                                                       _____/s/Stacey L. Smiricky_____
                                                       One of the Attorneys for John T. Girardi, M.D.,
                                                       and Medical Specialists, Ltd.


James Christman
christman@wildman.com
Stacey Smiricky
smiricky@wildman.com
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, IL  60606
(312) 201-2000
(312) 201-2555 (fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on May 12, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joel D'Alba
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606

                                  /s/ Stacey L. Smiricky