## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MELAMED, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 1745 |
| | ) | Judge Hibbler |
| JOHN T. GIRARDI, M.D. and MEDICAL | ) | |
| SPECIALISTS, LTD., an Illinois | ) | Magistrate Judge Keys |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Plaintiff, DAVID MELAMED, M.D. ("Dr. Melamed" or "Plaintiff"), by and through his attorneys, Joel A. D'Alba and Stephanie K. Brinson of Asher, Gittler, Greenfield & D'Alba, Ltd., files his Response in Opposition of Defendants' Rule 12(b)(6) Motion to Dismiss pursuant to this Court's Order entered on May 15, 2008, and in support thereof states as follows:

### STATEMENT OF FACTS

The Plaintiff and Defendants are parties to a valid employment agreement ("Agreement"). (MTD at p. 2; Compl. ¶¶ 9-12, 18-21). Article 4, Section 4.1, governs the term of the agreement and states that it "shall commence on November 1, 2006, and shall continue until November 1, 2007" and thereafter automatically renew for successive one year terms unless either party gives written notice of an intention not to renew ninety days prior to expiration. (Compl. ¶¶ 13-14). Sections 5.1 and 6.1 of the Agreement govern Dr. Melamed's wages and final compensation under the Agreement. (Compl. ¶¶ 15-16).     Section 14.6 of the Agreement entitled "Amendment" governs the proper

procedures for termination of the Agreement. (Compl. ¶17). To date, Defendants have failed and refused to pay Dr. Melamed his salary pursuant to Sections 5.1 and 6.1 of the Agreement or to satisfy the termination requirements pursuant to Section 4.2 of the Agreement. (Compl. ¶¶ 22-23). To date, Defendants have refused to allow Dr. Melamed to fulfill his medical and professional responsibilities and business opportunities at Medical Specialists pursuant to the terms of the Agreement including, but not limited to, obtaining additional compensation from gross volume of business secured for Medical Specialists by Dr. Melamed, Physician Receipts, and engaging in auxiliary service incentives pursuant to Section 5.1 of the Agreement. (Compl. ¶24). Plaintiff has incurred significant monetary damages from the inactions of Defendants not to allow him to perform medical services. (Compl. ¶25).

## ARGUMENT

In making a determination on a defendant's Rule 12(b)(6) motion to dismiss, courts accept a plaintiff's well-plead allegations as true. Harris v. City of Auburn, 27 F.3d 1284, 1285 (7th Cir. 1994), citing New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1477 (7th Cir.1990). In the instant case, Plaintiff's well-plead facts as recited above and allegations in Count II of Plaintiff's Complaint state a claim upon which relief may be grated under the Illinois Wage Payment and Collection Act. Accordingly, this Court should deny Defendants' Motion To Dismiss Count II of the Complaint.

## I.    COUNT II STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The Court should deny Defendant's Motion to Dismiss because Count II does state a legally sufficient claim upon which relief may be granted. While Defendants accurately quote portions of Section 2 of the Illinois Wage Payment and Collection Act ("IWPCA"), they do not accurately

reflect current case law interpreting the IWPCA for the purposes of this case.

The defendant in Anderson v. Illinois Bell Telephone Co., d/b/a Ameritech, 961 F.Supp. 1208 (N.D.Ill. 1997), made a similar argument in its motion to dismiss arguing that the plaintiff in that case "cannot recover wages under the IWPCA because she performed no work for Ameritech during the period for which she seeks wages, and application of the IWPCA is contingent on an employee actually performing services." 961 F.Supp. at 1217.  However, the Court in that case did not agree and stated that "a careful reading of the IWPCA shows . . . that nothing in it limits its reach to comport with Ameritech's interpretation." Id.  As the Court recognized, the IWPCA defines wages as "compensation owed the employee by the employer pursuant to a contract or agreement between the two parties." 820 ILCS 115/2.  Illinois legislative intent supports this interpretation as the Court further recognized: "In fact, the Illinois legislature amended the IWPCA in 1984 to eliminate from the definition of wages the phrase 'compensation for labor or services rendered.'" Id., citing P.A. 83-198, § 1 (1984).  In denying the defendant's motion to dismiss, the Court held that no case law supported the defendant's interpretation of the IWPCA that services must actually be rendered before compensation becomes due under the IWPCA.  See also, Houghtby v. Box, 2002 WL 992655, *2 (N.D.Ill. 2002)(copy attached hereto)(relying on Anderson, supra, and Shields, infra, when refusing to deny defendant's motion to dismiss solely under theory that the IWPCA applies only to wages earned for work actually performed); Shields v. Associated Volume Buyers, Inc., 1994 WL 110397, *2 (N.D.Ill. 1994)(copy attached hereto)(stating that neither case law nor legislative intent supports the theory that the IWPCA is limited to wages earned in payment for wages actually performed).

3

Defendants may attempt to perform an end run around the clear legislative intent and case law interpreting the IWPCA as applying to all wages due and owing, not only wages for work actually performed, by arguing that the Defendants are not employers under the IWPCA.  For the purposes of this Motion to Dismiss, the Defendants accept as true (while reserving its right to later dispute) that there is an employment contract between Dr. Melamed and the Defendants.  Therefore, the Defendants are the employers of Dr. Melamend for purposes of the Court's ruling on the instant Motion to Dismiss.  In Houghtby v. Box, *supra*, the court granted the defendant's motion to dismiss the plaintiff's IWPCA claim not because no services had been rendered for the wages claimed by the plaintiff, but because "plaintiff ha[d] not plead[] in Count III that she had a contract or agreement with [defendant] entitling her to be paid wages."  2002 WL 992655 at *2.  Such is not the case in the instant matter.  The Plaintiff has not only claimed that an employment contract exists between Dr. Melamed and the Defendants , but the Defendants concede for the purposes of their Motion to Dismiss that "Plaintiff and Defendants negotiated the terms of an employment agreement," as alleged in the Complaint.  (MTD at p. 2; Compl. at ¶¶ 9-12, 18-21).  Accordingly, in the instant matter, this Court should likewise deny the Defendants' Motion to Dismiss because the Plaintiff has claimed that an employment contract requiring payment for certain wages exists between the parties, and case law and legislative intent directly contradict the Defendants' theory that the IWPCA applies only to wages earned for services rendered or actually performed.

The case law cited by the Defendants in support of its misstated legal theory are distinguishable from the instant case and do not support dismissal of Count II of the Complaint.  Mueller Co. v. Department of Labor, 187 Ill.App.3d 519, 543 N.E.2d 518 (4th Dist. 1989), is not applicable to the instant matter because it involved an employee who voluntarily terminated an

4

employment contract prior to wages being due.  Accordingly, there was no claim that a valid employment contract existed, which is not the case in the instant matter.  As explained *supra*, Plaintiff has appropriately claimed and the Defendants have conceded for purposes of their Motion to Dismiss that a valid employment contract existed between the parties.  (MTD at p. 2; Compl. at ¶¶ 9-12, 18-21).  Conlon-Moore Corp. V. Cummins, 28 Ill.App.2d 368, 171 N.E.2d 676  (1st Dist. 1960), aff'd, 23 Ill.2d 341, 178 N.E.2d 336 (1960), is likewise inapplicable to the instant case because it involved the question of whether the term "wages" under the IWPCA, prior to any the 1984 amendments discussed *supra*, "include[d] the item of vacation pay provided for in the Collective Bargaining Agreement."  The case neither discusses nor contemplates the issue of whether the definition of "wages" under the IWPCA requires that work actually be performed or rendered. Accordingly, the case is inapplicable and should not be considered in this Court's judgement on Defendants' Motion to Dismiss.  Because Defendants have not cited other case law to support their inaccurate interpretation of the scope of the IWPCA, this Court should deny Defendants' Motion to Dismiss Count II of Plaintiff's Complaint.

## II.     THIS COURT HAS DENIED DEFENDANTS' REQUEST FOR 10 DAYS AFTER THE DISPOSITION ON THE PARTIAL MOTION TO DISMISS TO ANSWER REMAINING ALLEGATIONS IN PLAINTIFF'S COMPLAINT.

On May 15, 2008, this Court denied Defendants request for ten days after the Court's disposition on Defendants' partial Motion to Dismiss to answer the remaining allegations in Plaintiff's Complaint.  The Court ordered Defendants to answer the remaining counts by May 29, 2008.  Having already been decided by the Court, Plaintiff does not address the Defendants' arguments in its Motion to Dismiss regarding additional time to answer the remaining counts.

## **CONCLUSION**

For all the aforementioned reasons, the Plaintiff respectfully requests that this Court deny the

Plaintiff's Motion to Dismiss.

Respectfully Submitted,

/s/Joel A. D'Alba _____
Joel A. D'Alba

/s/Stephanie K. Brinson _____
Stephanie K. Brinson

Joel A. D'Alba
jad@ulaw.com
Stephanie K. Brinson
skb@ulaw.com
ASHER, GITTLER, GREENFIELD
& D'ALBA, Ltd.
200 W. Jackson Blvd., Suite 1900
Chicago, Illinois 60606
312-263-1500

C

Houghtby v. Box

N.D.Ill.,2002.

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois.

Carol HOUGHTBY, Plaintiff,

v.

Charles E. BOX, Kristine Cohn, Donald Meier, Linda Campos, Doug Scott, Einar K. Forsman, City of Rockford, Rock River Training Corporation

**No. 01 C 50401.**

May 14, 2002.

MEMORANDUM OPINION AND ORDER

REINHARD.

**\*1** Plaintiff, Carol Houghtby, filed a seven-count complaint in the Eastern Division of the Northern District of Illinois against Charles E. Box, Kristine Cohn, Donald Meier, Linda Campos, Doug Scott, Einar K. Forsman, the City of Rockford, and the Rock River Training Corporation ("RRTC"). Plaintiff alleged a violation of 42 U.S.C. § 1983 in Count I, wrongful discharge in Count II, a claim for violation of the Illinois Wage Payment and Collection Act ("IWPCA"), against RRTC only, in Count III, tortious interference with contract in Count IV, defamation in Count V, intentional infliction of emotional distress in Count VI, and a second claim under the IWPCA in Count VII. The case was transferred to the Western Division on motion of defendant Cohn. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and venue is proper pursuant to 28 U.S.C. § 1391(b).

Defendants RRTC and Linda Campos ("defendants") moved to dismiss Counts II, III, and VII of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff concedes Count VII should be stricken because it is a duplicate of Count III. (Pl. Resp., p. 6, n .1) Defendants

argue Count II is fatally deficient because plaintiff has not alleged an essential element of a retaliatory discharge claim, violation of a clearly mandated public policy. Additionally, they assert Count II should be dismissed as to Linda Campos because she was not plaintiff's employer. Further, defendants maintain that Count III should be dismissed because plaintiff failed to allege that she performed work for RRTC, and therefore, she is not entitled to wages under the IWPCA.

A complaint may be dismissed on a 12(b)(6) motion only if it is clear no relief could be granted under any set of facts that could be proved consistent with the complaint's allegations. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, ----, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002).

Defendants urge dismissal of Count II because plaintiff has not alleged a violation of clearly mandated public policy which is required for a retaliatory discharge claim in Illinois. Under Illinois law, wrongful discharge must involve either employees with contract terms which make their employment other than at-will, *e.g. Doyle v. Holy Cross Hospital,* 289 Ill.App.3d 75, 224 Ill.Dec. 507, 682 N.E.2d 68, 69 (1st Dist.1997), *affm'd* 186 Ill.2d 104, 237 Ill.Dec. 100, 708 N.E.2d 1140 (1999), or employees who have been discharged in violation of a clearly mandated public policy. *E.g. Jacobsen v. Knepper & Moga, P.C.,* 185 Ill.2d 372, 235 Ill.Dec. 936, 706 N.E.2d 491, 493 (Ill.1998). Plaintiff concedes in her response she is not claiming she was discharged in violation of a clearly mandated public policy. (Resp. p. 5) She has not alleged in Count II that she was other than an at-will employee. At-will status is presumed under Illinois law. *See Duldulao v. St. Mary of Nazareth Hosp. Ctr.,* 115 Ill.2d 482, 106 Ill.Dec. 8, 505 N.E.2d 314, 317 (Ill.1987). Accordingly, Count II must be dismissed.

Additionally, Campos seeks dismissal from Count II arguing she was not plaintiff's employer and that only an employer can be liable under Illinois law

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 992655 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 992655 (N.D.Ill.))**

Case 1:08-cv-01745    Document 14-2    Filed 05/29/2008    Page 2 of 2    Page 2

for wrongful or retaliatory discharge. As plaintiff acknowledges, she is not raising a retaliatory discharge claim. Plaintiff asserts Campos "approved and arranged the wrongful suspension and ultimate termination of Plaintiff's employment."(Pl.Resp., pp. 5-6) Plaintiff does not offer a legal theory as to why this alleged action makes Campos liable under Count II and the court is unable to discern one. As to Campos, Count II does not provide fair notice of what plaintiff's claim is. *See Dewalt v.Carter,* 224 F.3d 607, 612 (7th Cir.2000). Campos is entitle to dismissal from Count II.

**\*2** In count III, Plaintiff asserts a claim against RRTC under the IWPCA for wages due. (Compl.¶ 78). Under the IWPCA, "wages" are defined as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties ...."820 ILCS 115/2. Section 3 of the IWPCA requires employers to pay every employee "all wages earned during the ... pay period."820 ILCS 115/3. Defendants do not cite any cases supporting their argument the IWPCA requires a salaried employee to actually perform services during the applicable pay period in order to be entitled to the act's protection. At least two court's have rejected that interpretation. *See Anderson v. Illinois Bell Telephone Co.,* 961 F.Supp. 1208, 1217 (N.D.Ill.1997); *Shields v. Associated Volume Buyers, Inc.,* 1994 WL 110397, *2 (N.D.Ill. March 31, 1994).* The court likewise rejects defendants' argument. However, plaintiff has not pleaded in Count III that she had a contract or agreement with RRTC entitling her to be paid wages after October 3, 2000. Count III must therefore be dismissed.

For the reasons stated above, Count VII of the complaint is stricken. Counts II and III are dismissed without prejudice. Plaintiff is allowed 21 days to file amended Counts II and III.[FN1] If no amendment is filed within the time allowed, the dismissal of Counts II and III will become with prejudice.

> FN1. If plaintiff elects to amend Counts II or III to allege the existence of a contract

and violation of its terms, she is reminded that such allegations must have evidentiary support in order to comply with Fed.R.Civ.P. 11.

N.D.Ill.,2002.

Houghtby v. Box

Not Reported in F.Supp.2d, 2002 WL 992655 (N.D.Ill.)

END OF DOCUMENT

Not Reported in F.Supp.                                                                                                    Page 1
Not Reported in F.Supp., 1994 WL 110397 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1994 WL 110397 (N.D.Ill.))**

**C**

Shields v. Associated Volume Buyers, Inc.
N.D.Ill.,1994.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern
Division.
John SHIELDS, Plaintiff,
v.
ASSOCIATED VOLUME BUYERS, INC., De-
fendant.
**No. 93 C 7620.**

March 31, 1994.

MEMORANDUM, OPINION, AND ORDER

ANDERSEN, District Judge.
**\*1** This case is before the court on the motion of
defendant Associated Volume Buyers ("AVB") for
summary judgment on counts II and III of plaintiff's
complaint. For the reasons stated below, we deny
the motion for summary judgment.

BACKGROUND

Defendant AVB is a national buying and selling
group composed of members that are retailers of
appliances, electronics and furniture. AVB negoti-
ates with vendors to establish competitive pricing
programs for its members. The plaintiff, John
Shields, entered into an employment contract with
AVB on July 26, 1991. The contract provided that
plaintiff's employment with AVB would be for
three years and would terminate on December 31,
1994.

Plaintiff started employment with AVB on or about
September 19, 1991 as the Association's National
Executive Director. The parties dispute the extent
of plaintiff's authority. Plaintiff claims that he had
no authority to bind AVB without prior approval of
his actions by the Board of Directors. Plaintiff also
claims that when negotiating with vendors, he

routinely advised them that any decision had to be
approved by the Board of Directors. AVB claims
that plaintiff had the authority to represent and bind
AVB in negotiations with vendors.

AVB terminated plaintiff on or about April 23,
1993 with eighty-seven weeks left on his contract.
Plaintiff did not perform any services on behalf of
AVB after April 23, 1993. AVB has paid plaintiff
all of the salary and unused vacation time that he
accrued through the date of his termination, but has
not paid any compensation to plaintiff for the time
remaining on his contract.

Plaintiff has filed a three-count complaint. Count I
is for breach of contract. Count II is for payment of
wages owed under the contract pursuant to the
Illinois Wage Payment and Collection Act, 820
ILCS 115/1*et seq.* Count III is for attorney fees un-
der the Attorney Fees in Wage Actions Act, 705
ILCS 225/1 for bringing the instant action. AVB
has moved for summary judgment on counts II and
III only.

DISCUSSION

Summary judgment is appropriate when the movant
demonstrates "the absence of a genuine issue as to
any material fact, and for these purposes the materi-
al ... lodged must be viewed in the light most favor-
able to the opposing party." *Adickes v. S.H. Kress
& Co.,* 398 U.S. 144, 157 (1970). The nonmoving
party may not merely rest on its pleadings, but must
demonstrate, through specific evidence, that there
remains a genuine issue of triable fact. *Lister v.
Stark,* 942 F.2d 1183, 1187 (7th Cir.1991) (*citing
Celotex Corp. v. Catrett,* 477 U.S. 317, 324
(1986)); *Bank Leumi Le-Israel, B.M. v. Lee,* 928
F.2d 232, 236 (7th Cir.1991). "One of the principal
purposes of the summary judgment rule is to isolate
and dispose of factually unsupported claims...."
*Celotex,* 477 U.S. at 323-24.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1994 WL 110397 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1994 WL 110397 (N.D.Ill.))**

I. *Illinois Wage Payment and Collection Act*

Under the Illinois Wage Payment and Collection Act, wages are defined "as any compensation owed an employee by an employer pursuant to an employment contract or contract between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2. Payment to separated employees is termed "final compensation" and is defined under the Act as "wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or contract between the 2 parties." 820 ILCS 115/2.

**\*2** The issue in this case is whether the wages allegedly owed to plaintiff under the employment agreement are considered wages under the Wage Payment and Collection Act. The legislative intent of the Act was to include a broad class of compensation due employees. The Act's predecessor statute was interpreted by the Illinois Supreme Court to exclude vacation pay from the ambit of the statute. The Act was amended, not only to expressly include vacation pay, but to define wages even more broadly to include any compensation due and owing an employee by an employer pursuant to an employment contract. *Metropolitan Distributors, Inc. v. Illinois Dept. of Labor,* 114 Ill.App.3d 1090, 449 N.E.2d 1000 (1st Dist.1983). Based on this legislative intent, the Appellate Court for the First District in *Metropolitan Distributors,* 114 Ill.App.3d 1090, 449 N.E.2d 1000, found that severance pay provided in a collective bargaining contract constituted either wages or final compensation under the Act.

In this case, there is at least a question of fact whether plaintiff's wages due and owing under his contract constitute wages or final compensation under the Act. The contract was for three years and plaintiff's employment was to terminate on December 31, 1994. The contract contained no other provision for termination. Plaintiff was terminated on

or about April 23, 1993 with eighty-seven weeks remaining under his contract.

AVB argues that the plain and unambiguous language of the Act makes it clear that the Act applies only to "wages earned by an employee in payment for work actually performed." However, this definition does not appear in the statute, nor does AVB cite any case authority for this narrow definition. Moreover, AVB's argument is inconsistent with the legislative intent of the Act. Thus, summary judgment on this issue is denied.

II. *Attorney Fees in Wage Actions Act*

In Count III, plaintiff seeks to recover attorneys fees to be incurred in this action pursuant to 705 ILCS 225/1 (the "Fee Act"). This statute provides that when an employee brings an action for wages earned and owing according to the terms of employment and establishes by decision of court or jury that the amount he or she has requested is justly due and owing, the court shall allow the employee a reasonable attorneys fee. 705 ILCS 225/1. The Fee Act allows recovery for attorneys fees "[w]henever a mechanic, artisan, miner, laborer, servant or employee brings an action for wages earned and due and owing according to the terms of the employment." 705 ILCS 225/1. AVB argues that plaintiff is not entitled to attorneys fees because he is not an employee within the meaning of the Fee Act.

In the past, Illinois appellate courts have had some disagreement regarding the construction of the term "employee" under the Fee Act. However, the trend among the courts has been to expand the definition of employee under the Fee Act. *See, e.g., Reiss v. El Bauer Chevrolet Co.,* 96 Ill.App.2d 266, 238 N.E.2d 619 (4th Dist.1968); *Johnson v. Figgie Intern., Inc.,* 151 Ill.App.3d 496, 502 N.E.2d 797 (2d Dist.1986). Thus, in *Reiss,* the court declined to limit the term "employee" in the statute to those engaged in services like those of a mechanic, artisan, miner, laborer, or servant and held that the term in-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1994 WL 110397 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1994 WL 110397 (N.D.Ill.))**

cluded all employees who must sue to obtain payment of their wages and who otherwise comply with the requirements of the statute. Despite their conflicting views about the scope of the term "employee", the appellate courts apparently concur that a high-level officer or executive who has the power and right to control and direct his or her own work is not included within the definition of that term under the Fee Act. *See, e.g., Lites v. Jackson,* 70 Ill.App.3d 374, 377, 387 N.E.2d 1118, 1120; *Johnson,* 502 N.E.2d at 806.

**\*3** AVB first argues that plaintiff is not entitled to recover attorney fees under the Fee Act because his action is not one for "wages due and owing." AVB's argument here is essentially the same argument made against plaintiff's cause of action under the Illinois Wage Payment and Collection Act, and we reject its arguments for the same reasons stated in our discussion of that Act.

AVB next argues that plaintiff's action fails because executives and other high-level employees are not included within the definition of "employee" under the Fee Act. AVB claims that plaintiff was National Executive Director of the trade organization and thus was a high-level employee who had the authority to represent and bind the company. Plaintiff claims he had the authority to represent AVB in negotiations, but he did not have the authority to bind AVB in negotiations with vendors without prior approval from the Board of Directors. Therefore, plaintiff claims that his position as the Executive Director of a cooperative buying group was unlike an executive in a corporation because he did not have the final authority to bind AVB. Based upon the foregoing arguments, it is clear that a question of material fact exists as to plaintiff's authority and hence whether he can be considered an "employee" under the Fee Act. For these reasons, we deny AVB's motion for summary judgment on this issue.

CONCLUSION

For the foregoing reasons, the motion of defendant

Associated Volume Buyers, Inc. for summary judgment on Counts II and III of plaintiff's complaint is denied.

N.D.Ill.,1994.
Shields v. Associated Volume Buyers, Inc.
Not Reported in F.Supp., 1994 WL 110397 (N.D.Ill.)

END OF DOCUMENT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID MELAMED, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 1745 |
| | ) | Judge Hibbler |
| JOHN T. GIRARDI, M.D. and MEDICAL | ) | |
| SPECIALISTS, LTD., an Illinois | ) | Magistrate Judge Keys |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>NOTICE OF FILING</u>**

To:    James Christman
       Stacey Smiricky
       Wildman, Harrold, Allen & Dixon LLP
       225 West Wacker Drive
       Chicago, Illinois 60606

       **PLEASE TAKE NOTICE** that on the 29th day of May, 2008, I filed with the United States District Court for the Northern District of Illinois, Eastern Division, **Plaintiff's Response in Opposition of Defendants' Rule 12(b)(6) Motion to Dismiss**, a copy of which is attached hereto and served upon you.

                                        /s/Stephanie K. Brinson
                                        Stephanie K. Brinson

Joel A. D'Alba
jad@ulaw.com
Stephanie K. Brinson
skb@ulaw.com
ASHER, GITTLER, GREENFIELD & D'ALBA
200 West Jackson Blvd., Suite. 1900
Chicago, Illinois 60606
312-263-1500

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on May 29, 2008, I electronically filed the foregoing **Plaintiff's Response in Opposition of Defendants' Rule 12(b)(6) Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following individuals:

To:    James Christman
        christman@wildman.com
        Stacey Smiricky
        smiricky@wildman.com
        Wildman, Harrold, Allen & Dixon LLP
        225 West Wacker Drive
        Chicago, Illinois 60606

                      /s/Stephanie K. Brinson
                      Stephanie K. Brinson
                      skb@ulaw.com
                      Counsel for Plaintiff
                      Asher, Gittler, Greenfield & D'Alba, Ltd.
                      200 West Jackson Boulevard
                      Suite 1900
                      Chicago, IL 60606
                      Ph. (312) 263-1500
                      Fax (312) 263-1520