IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MELAMED, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No:   08 CV 1745 |
| | ) | |
| JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD., an Illinois Corporation, | ) ) ) | Judge Hibbler |
| | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants, JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD., by and through their attorneys, WILDMAN, HARROLD, ALLEN & DIXON LLP, and in answer to Plaintiff's Complaint, state as follows:

### JURISDICTION AND VENUE

1. This court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

    **ANSWER**: To the extent this paragraph asserts a legal conclusion, Defendants provide no answer.  Further answering, Defendants deny the allegations contained in Paragraph 1.

2. This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

    **ANSWER**: Defendants admit that this is a civil action but deny the remaining allegations contained in Paragraph 2.

3. This is a civil action between citizens of different states.

    **ANSWER**: Defendants admit the allegations contained in Paragraph 3.

4.	Plaintiff DAVID MELAMED, M.D. (hereinafter "Dr. Melamed") is a current resident of Carlsbad, New Mexico. At all times relevant, Dr. Melamed has been licensed to practice medicine in the States of Illinois, Rhode Island, Washington, California and New Mexico.

> **ANSWER**: Upon information and belief, Defendants admit that Plaintiff is licensed to practice medicine in the State of Illinois. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.	At all relevant times, Defendant Medical Specialists, LTD. (hereinafter "Medical Specialists") has been an Illinois corporation and maintains its principal place of business at 1260 W. Higgins Road, Hoffman Estates, Kane County, Illinois, 60195, located within the Northern District of Illinois.

> **ANSWER**: Defendants deny that Hoffman Estates is located in Kane County, Illinois but admit the remaining allegations contained in Paragraph 5.

6.	At all relevant times, Defendant JOHN T. GIRARDI, MD. (hereinafter "Dr. Girardi") has been a resident of Hoffman Estates, Kane County, Illinois, located within the Northern District of Illinois, and is the President of Defendant Medical Specialists, Ltd. At all times relevant, Dr. Girardi has been licensed to practice medicine in the State of Illinois.

> **ANSWER**: Defendants deny that Hoffman Estates is located in Kane County, Illinois but admit the remaining allegations contained in Paragraph 5.

7.	The acts and transactions giving rise to this action occurred in Kane County, Illinois, located within the Northern District of Illinois.

> **ANSWER**: Defendants admit that some of the acts and transactions giving rise to Plaintiff's action occurred in a county located within the Northern District of Illinois, but deny that the acts and transactions occurred in Kane County, Illinois.

8.	Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

  **ANSWER**: To the extent this paragraph asserts a legal conclusion, Defendants provide no answer.  Further answering, Defendants deny the allegations contained in Paragraph 8.

## FACTS

9. In or about March 2006, Dr. Melamed received a telephone call from Stacey Mellom, Dr. Girardi's administrative assistant at Medical Specialists, arranging for an employment interview between Dr. Melamed and Dr. Girardi.

  **ANSWER**: Defendants admit the allegations contained in Paragraph 9.

10. In or about March 2006, the interview took place at the Hoffman Estates, Illinois, Office of Medical Specialists.

  **ANSWER**: Defendants admit the allegations contained in Paragraph 10.

11. On or about September 22, 2006, Dr. Melamed affirmed his desire to accept the open position of employment with Dr. Girardi at Medical Specialists in an e-mail communication to Dr. Girardi.

  **ANSWER**: Defendants admit that after Plaintiff rejected Medical Specialists' offer of employment, he attempted to renegotiate employment beginning in September 2006, but Defendants deny the remaining allegations contained in Paragraph 11.

12. On or about September 29, 2006, Dr. Girardi formally offered employment to Dr. Melamed by sending an e-mail and attached employment agreement (hereinafter "Agreement") to Dr. Melamed for signature and approval of Dr. Melamed.  (See Agreement, attached hereto as "Exhibit A").

  **ANSWER**: To the extent this paragraph asserts a legal conclusion, Defendants provide no answer.  Further answering, Defendants deny the allegations contained in Paragraph 12.

13. Article 4, Section 4.1 of the Agreement entitled "Term" states as follows:

3

> This Agreement shall commence on November 1, 2006 and shall continue until November 1, 2007 ("the Term"). Thereafter, this Agreement shall automatically renew for successive one (1) year terms (each a "Renewal Term") unless either party gives written notice to the other of its intention not to renew at least ninety (90) days prior to the expiration of the Term of any Renewal Term.

(Ex. A at p. 3).

> **ANSWER**: Defendants admit that Exhibit A, which was not attached to the Complaint but was filed separately with the Court on April 25, 2008, contains the language above, but denies that Exhibit A is an Employment Agreement entered into by Plaintiff and Medical Specialists. Further answering, the Agreement speaks for itself, and Defendants specifically deny any allegations that are inconsistent with its contents.

14.   Article 4, Section 4.2 of the Agreement entitled "Termination" states as follows:

Corporation and Physician shall each have the right to terminate this Agreement upon ninety (90) days written notice to the other.

(Ex. A at p. 3).

> **ANSWER**: Defendants admit that Exhibit A, which was not attached to the Complaint but was filed separately with the Court on April 25, 2008, contains the language above, but denies that Exhibit A is an Employment Agreement entered into by Plaintiff and Medical Specialists. Further answering, the Agreement speaks for itself, and Defendants specifically deny any allegations that are inconsistent with its contents.

15.   Article 5, Section 5.1 of the Agreement entitled "Physician Salary" provides the following compensation in consideration of Dr. Melamed's employment and medical services at Medical Specialists:

> During the Term, Corporation shall pay Physician a monthly salary ("Salary") of Twenty Thousand Eight Hundred Thirty Three Dollars ($20,833) per month, less all withholdings required by law. At the conclusion of the Term, Corporation shall compute the collections received by it for services rendered by Physician during the term (the "Physician Receipts") and subtract from the Physician Receipts the cost of Physician's professional liability insurance, the Salary and the cost of injectables used by Physician during the Term. If the Physician Receipts are less than Eight Hundred Thousand Dollars ($800,000), the Physician Receipts shall be multiplied by .4 (the resulting sum being the "Physician Compensable Receipts"). If the Physician Receipts are or [sic] Eight Hundred Thousand Dollars ($800,000) or more but less than One Million Tow [sic] Hundred

4

> Thousand Dollars ($1,200,00), the Physician Compensable Receipts shall be calculated by multiplying the Physician Receipts by .45, and if the Physician Receipts are $1,200,000 or greater, by multiplying the Physician Receipts by .50. If the Physician Compensable Receipts are greater than the Salary, then the Physician shall be paid the amount by which the Physician Compensable Receipts exceed the Salary within forth [sic] five (45) days of the end of the Term.
>
> During each Renewal Term, Corporation shall make the same calculation set forth above except that for the initial Renewal Term, the Salary shall increase to Twenty Nine Thousand One Hundred Sixty Dollars ($29,166) [sic] per month, and during the second Renewal Term and thereafter, the Salary shall increase to Thirty Seven Thousand Five Hundred Dollars ($37,500) per month.
>
> In the event that this Agreement is terminated for any reason by either party prior to the expiration of the Term or any Renewal Term, Physician shall be entitled to receive only the applicable Salary to the date of termination for the Term or the Renewal Term in which the termination occurs.

(Ex. A at p. 4)

> **ANSWER**: Defendants admit that Exhibit A, which was not attached to the Complaint but was filed separately with the Court on April 25, 2008, contains the language above, but denies that Exhibit A is an Employment Agreement entered into by Plaintiff and Medical Specialists. Further answering, the Agreement speaks for itself, and Defendants specifically deny any allegations that are inconsistent with its contents.

16. Article 6, Section 6.1 of the Agreement entitled Termination Payments provides the following termination payments in consideration of Dr. Melamed's employment and medical services at Medical Specialists:

> In the event that Physician's employment is terminated in accordance with Article 4, Physician shall be paid the sum of the following:
>
> (a) The Salary or Physician Compensable Receipts (whichever is applicable) which may be due him to the date of such termination;
>
> (b) Reimbursement for expenses, which the Corporation is obligated to pay him pursuant to Article 8.1 of this Agreement.

(Ex. A at p. 5).

> **ANSWER**: Defendants admit that Exhibit A, which was not attached to the Complaint but was filed separately with the Court on April 25, 2008, contains the

5

> language above, but denies that Exhibit A is an Employment Agreement entered into by Plaintiff and Medical Specialists. Further answering, the Agreement speaks for itself, and Defendants specifically deny any allegations that are inconsistent with its contents.

17. Article 14, Section 14.6 of the Agreement entitled "Amendment" states as follows:

> This Agreement supersedes any and all other agreements either oral or written between the parties hereto with respect to the subject matter hereof. Unless amended as provided for herein, no change, modification or waiver of any provision of this Agreement shall be valid unless the same is in writing and signed by Physician and Corporation.

(Ex. A at p. 10).

> **ANSWER**: Defendants admit that Exhibit A, which was not attached to the Complaint but was filed separately with the Court on April 25, 2008, contains the language above, but denies that Exhibit A is an Employment Agreement entered into by Plaintiff and Medical Specialists. Further answering, the Agreement speaks for itself, and Defendants specifically deny any allegations that are inconsistent with its contents.

18. On or about October 5, 2006, Dr. Melamed sent e-mail correspondence to Dr. Girardi accepting the offer of employment and advising Dr. Girardi that he signed the Agreement without any changes or alterations and would mail it to Dr. Girardi that same day. Dr. Melamed mailed the signed Agreement on that same day.

> **ANSWER**: Defendants deny the allegations contained in Paragraph 18.

19. On or about October 5, 2006, Dr. Girardi acknowledged Dr. Melamed's acceptance of his offer in e-mail correspondence to Dr. Melamed and confirmed the agreement had been reached.

> **ANSWER**: Defendants deny the allegations contained in Paragraph 19.

20. On or about October 16, 2006, Stacy Mellom, Dr. Girardi's assistant at Medical Specialists, sent an e-mail to Dr. Melamed again confirming the agreement had been reached.

    **ANSWER**:    Defendants deny the allegations contained in Paragraph 20.

21.    On or about October 31, 2006, Dr. Girardi stated in a phone conversation with Dr. Melamed that he was delighted Dr. Melamed would be working at Medical Specialists.

    **ANSWER**:    Defendants admit that Dr. Girardi spoke to Plaintiff sometime in October 2006 but deny the remaining allegations contained in Paragraph 21.

22.    To date, Defendants have failed and refused to pay Dr. Melamed his salary pursuant to Article 5, Section 5.1 of the Agreement.

    **ANSWER**:    Defendants admit they have not paid Plaintiff because Plaintiff never worked for, or had an Employment Agreement with, Medicals Specialists. Further answering, Defendants deny the remaining allegations contained in Paragraph 22.

23.    To date, Defendants have failed to satisfy the termination requirements pursuant to Article 4, Section 4.2 of the Agreement.

    **ANSWER**:    Plaintiff never worked for, or had an Employment Agreement with, Medicals Specialists and therefore, Defendants deny the allegations contained in Paragraph 23.

24.    To date, Defendants have refused to allow Dr. Melamed to fulfill his medical and professional responsibilities and business opportunities at Medical Specialists pursuant to the terms of the Agreement including, but not limited to, additional compensation from gross volume of business secured for Medical Specialists by Dr. Melamed, Physician Receipts, and auxiliary service incentives pursuant to Article 5, Section 5.1 of the Agreement.

    **ANSWER**:    Plaintiff never worked for, or had an Employment Agreement with, Medicals Specialists and therefore, Defendants deny the allegations contained in Paragraph 24.

25.    Plaintiff has incurred significant monetary damages from the actions of Defendants.

**ANSWER**:   Defendants deny the allegations contained in Paragraph 25.

## COUNT I
## BREACH OF CONTRACT BY DEFENDANT MEDICAL SPECIALISTS

26.   The Agreement constitutes an enforceable contract between Plaintiff and Defendants.

**ANSWER**:   Defendants deny the allegations contained in Paragraph 26.

27.   By the actions set forth above in paragraphs 1 through 25, Defendant has breached the terms and conditions of the Salary provisions contained in Article 5, Section 5.1 of the Agreement.

**ANSWER**:   Defendants deny the allegations contained in Paragraph 27.

28.   By the actions set forth above in paragraphs 1 through 25, Defendant has breached the terms and conditions of the Termination provisions contained in Article 4, Section 4.2 of the Agreement.

**ANSWER**:   Defendants deny the allegations contained in Paragraph 28.

**WHEREFORE**, Defendants deny Plaintiff has sustained any damages as a result of Defendants' alleged acts or omissions and request that the Court enter judgment in their favor and against Plaintiff, including awarding Defendants their costs and attorneys' fees.

## COUNT II
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

This Count is subject to Defendants' Motion to Dismiss.

## COUNT III
## ATTORNEYS FEES PURSUANT TO THE ATTORNEYS FEES IN WAGE ACTIONS ACT

Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 28 of Count I and Paragraphs 29 through 34 of Count II.

**ANSWER**: Defendants fully restate and incorporate herein by reference their responses to each of the preceding paragraphs of Plaintiff's Complaint.

35. The Agreement constitutes an enforceable employment contract between Plaintiff and Defendants.

**ANSWER**: Defendants deny the allegations contained in Paragraph 35.

36. Plaintiff was an employee of Defendants under the Agreement as defined by the Attorneys Fees in Wage Actions Act, 705 ILCS § 225/1.

**ANSWER**: Defendants deny the allegations contained in Paragraph 36.

37. By the actions set forth above in paragraphs 1 through 25 of Count I, wages were justly due and owing by Defendants to Plaintiff according to the terms of the Agreement.

**ANSWER**: Defendants deny the allegations contained in Paragraph 37.

38. On or about January 15, 2008, Plaintiff mailed a written demand of $116,747 to Defendants.

**ANSWER**: Defendants admit that Defendants' counsel received a written demand from Plaintiff's counsel, but Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff mailed the demand on or about January 15, 2008. Further answering, Defendants deny the demand amount was $116,747.

**WHEREFORE**, Defendants deny Plaintiff has sustained any damages as a result of Defendants' alleged acts or omissions and requests that the Court enter judgment in their favor and against Plaintiff, including awarding Defendants their costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

**FOR FURTHER AND SEPARATE AFFIRMATIVE DEFENSES** to the claims asserted in the Complaint, JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD. allege as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages, which JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD. expressly deny, Plaintiff has failed to make reasonable and diligent efforts to mitigate his damages. Additionally, Defendants would be entitled to a set-off (in full or in part) from any potential monetary liability in an amount equal to the sums earned by Plaintiff or which Plaintiff could have earned had he exercised reasonable diligence and undertaken adequate efforts to mitigate his alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages and/or no damages for which JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD. can be held liable.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD. are barred by the statute of frauds.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD. are barred by one or more defenses founded upon documentary evidence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because he was not an employee of JOHN T. GIRARDI, M.D. or MEDICAL SPECIALISTS, LTD. during all or portions of the time period with respect to which he seeks compensation.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because, he had no contract or agreement with JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD., during all or portions of the time period with respect to which he seeks compensation, that entitle him to the amounts he seeks in this action.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because to the extent JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD. are found liable for failing to make payments owed to Plaintiff, Plaintiff's demand for payment from JOHN T. GIRARDI, M.D. and

MEDICAL SPECIALISTS, LTD. prior to commencing this action exceeded the amounts (if any) owed by JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD.

Defendants specifically reserve the right to plead each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development of this case.

**WHEREFORE**, Defendants, JOHN T. GIRARDI, M.D. and MEDICAL SPECIALISTS, LTD., request that Plaintiff's Complaint be dismissed in its entirety, or that judgment be entered in favor of Defendants and against Plaintiff, and that Defendants be awarded such relief as is just, including their costs and attorneys' fees against Plaintiff.

Dated: May 29, 2008                                    Respectfully submitted,

                                                      /s/Stacey L. Smiricky
                                          One of the Attorneys for John T. Girardi, M.D.,
                                          and Medical Specialists, Ltd.

James Christman
christman@wildman.com
Stacey Smiricky
smiricky@wildman.com
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, IL  60606
(312) 201-2000
(312) 201-2555 (fax)

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 29, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joel A. D'Alba
JAD@ULAW.COM
Stephanie K. Brinson
SKB@ULAW.COM
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606

           /s/ Stacey L. Smiricky_____